UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sarur Huseynova,<br><br>Plaintiff,<br><br>v.<br><br>Liberty Mutual Fire Insurance Company,<br><br>Defendant. | Case No. 19-CV-3072 (SRN/DTS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Natalie Feidt and Rene L'Esperance, L'Esperance & Feidt, LLC, 201 W. Travelers Trail, Burnsville, MN, 55337, for Plaintiff.

Brendan R. Rupa, Law Offices of Thomas P. Stilp, 701 Xenia Ave. S., Minneapolis, MN, 55416, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

Before the Court is Plaintiff Sarur Huseynova's Motion to Remand [Doc. No. 6], brought pursuant to 28 U.S.C. § 1447(c). For the reasons stated below, the Court grants the motion and remands this case to the Dakota County District Court.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to the Court's disposition of this motion may be briefly stated. Ms. Huseynova, a Minnesota resident, brought this suit in Minnesota state court, specifically Dakota County District court, against Liberty Mutual Fire Insurance Company ("Liberty Mutual") to recover certain insurance benefits arising from injuries Ms. Huseynova suffered in a motor vehicle collision. (*See* Aff. of Natalie Feidt in Supp. of

1

Mot. to Remand ("Feidt Aff.") [Doc. No. 9], Ex. 1.) At the time of the incident, Ms. Huseynova was insured with an automobile policy issued by Defendant with total policy limits of $50,000. (*See* Feidt Aff., Ex. 2.) In her Complaint, Defendant is alleged to be a "foreign corporation domiciled in Wisconsin." ((("Compl.") [Doc. No. 1], Ex. 1 at 3.)

After Ms. Huseynova commenced this action in Dakota County District Court, Liberty Mutual filed a Notice of Removal with this Court on December 11, 2019. [Doc. No. 1.] Upon receipt of the Notice of Removal, Plaintiff moved to remand, arguing that the amount-in-controversy did not exceed the sum of $ 75,000, making Defendant's removal improper under 28 U.S.C. §§ 1332, 1441. (*See* Pl.'s Mem. in Supp. of Mot. to Remand [Doc. No. 8] ("Pl.'s Mem.") at 1-2.)

In response, Liberty Mutual contends that Plaintiff's claim will exceed $75,000 "based on the description of the injuries alleged in the Complaint" and certain communications with Plaintiff's attorneys. (*See* Def.'s Mem in Opp. to Pl.'s Motion to Remand [Doc. No. 13] ("Def.'s Opp'n") at 3-4.) Liberty Mutual further contends that Ms. Huseynova's claims will likely exceed $75,000 because, in prior personal injury lawsuits representing other clients, Plaintiff's counsel "claim[ed] amounts of $100,000 for past pain, suffering, and emotional distress and $50,000 for future pain, suffering, and emotional distress for even non-severe, non-serious injuries with no loss of earnings capacity." (*Id*.)

## III. DISCUSSION

### A. The Law

Because it is "fundamental that a court must have subject matter jurisdiction in order to take any action in the proceeding before it," the Court is dutybound to consider, as an initial matter, whether a case removed from state court is properly before it. *Matter of Buchman*, 600 F.2d 160, 164 (8th Cir. 1979). "If the district court concludes that it does not have subject matter jurisdiction, it must remand the case" back to state court. *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 444-45 (8th Cir. 2010) (citing 28 U.S.C. § 1447(c)). "All doubts about federal jurisdiction should be resolved in favor of remand." *Id.* at 446 (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)).

Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over cases between citizens of different states in which the amount in controversy exceeds $75,000. Where, as here, the sufficiency of the amount alleged to be in controversy is questioned, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *McGuire v. State Farm Fire & Cas. Co.*, No. 14-CV-1220 (DWF/LIB) (D. Minn. April 17, 2015), *report and recommendation adopted*, 108 F. Supp. 3d 680, 684 (D. Minn. 2015) (quoting *Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir. 2009)). This rule applies "even in a removed case where the party invoking jurisdiction is the defendant." *James Neff Kramper Family Farm P'ship v. IBP, Inc.,* 393 F.3d 828, 831 (8th Cir. 2005). "Speculation on the part of the defendant as to the amount in controversy is not sufficient to meet the preponderance standard." *McGuire,* 108 F. Supp. 3d at 684-685 (citations omitted). Jurisdictional facts "must be judged at the

time of the removal." *Dyrda v. Wal–Mart Stores, Inc.,* 41 F. Supp. 2d 943, 946 (D. Minn. 1999) (internal quotation marks omitted).

**B.      Analysis**

There is no dispute that Plaintiff and Defendant are citizens of different states. The only issue presently before the Court is whether the amount in controversy exceeds the $75,000 threshold required to support diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Here, the coverage under the insurance policy at issue is undisputedly limited to $50,000. In response, however, Defendant first contends that Plaintiff seeks relief for an amount "in excess" of $ 50,000, (Compl. at 3), and therefore meets the amount in controversy requirement.[1] (Def.'s Opp'n at 3-4.) To advance this argument, Liberty Mutual (1) points to the description of injuries alleged in the Complaint; and (2) relies on certain communications with Plaintiff's attorneys to assert that "Ms. Huseynova will claim in this lawsuit to have incurred $28,000 in past health-care bills and past wage losses." (*See* Aff. of Brendan Tupa in Opp. of Mot. to Remand [Doc. No. 14] ("Tupa Aff.") ¶ 5.)

The Courts finds this argument unavailing. Neither the injuries alleged in the Complaint nor the communications with Plaintiff's attorneys suggest that damages are likely to exceed $75,000. Defendant concedes that Plaintiff is free to claim "as much or as little" for unliquidated damages relating to past and future physical and emotion pain, injury, and emotional distress. (Def.'s Opp'n at 4.) The Complaint moreover does not

---

[1] Although Defendant argues that the amount of damages alleged in the Complaint are based on applicable state rules that do not permit Plaintiff to demand a specific amount of money, *see* Minn. R. Civ. P. 8.01, Defendant does not dispute the limit on the insurance policy at issue here.

4

assert damages for health-care bills and past wage losses exceeding the jurisdictional limit. Further, Plaintiff's boiler plate requests for costs, interest, and attorneys' fees in her prayer for relief "is not counted towards the amount in controversy in the present case." *McGuire*, 108 F. Supp. 3d at 686. Liberty Mutual has therefore not provided sufficient evidence to show that the amount in controversy exceeds $ 75,000.

Defendant next argues, without citing any authority, that the Court must look to losses that Plaintiff's counsel sought in prior personal injury lawsuits representing other clients. The Court finds the value of such claims irrelevant to the amount in controversy here. As Plaintiff persuasively notes, these cases may be factually different. Previous arguments made by counsel on an entirely separate case are not evidence that the sum or value of this controversy exceeds $75,000. *See*, *e.g.*, *O'Barr v. IDS Prop. Cas. Ins. Co.*, No. 19-cv-0006, 2019 WL 2171466, at *2 (D. Ariz. May 20, 2019) (finding that analogous case with damages beyond jurisdictional limit insufficient proof that instant case would exceed $75,000 because plaintiff's counsel never argued that those damages were "being sought in the present case").

Accordingly, Defendant has not met its burden to show by a preponderance of the evidence that, at the time of removal of this case from state court, the minimum amount in controversy exceeded the minimum amount necessary to support diversity jurisdiction.

## IV. ORDER

Based on the forgoing, and all files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand [Doc. No. 6] is **GRANTED**; and

2. The Clerk of Court is **DIRECTED** to furnish a certified copy of this Order to the clerk of Dakota County District Court, pursuant to 28 U.S.C. § 1447(c).

Dated: March 31, 2020

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge